UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHANELL RUTH,

    Plaintiff,

v.                                            Case No:   2:16-cv-274-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff Chanell Ruth's Complaint (Doc. 1) filed on April 12, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income.[1] The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in

---

[1] Plaintiff cited to Fed. R. Civ. P. 56 and included language in in her Memorandum of Law indicating that she was entitled to judgment as a matter of law. (Doc. 20 at 1). The Court will construe Plaintiff's filing as a Memorandum of Law.

death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On November 10, 2011, Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Tr. at 85, 86, 230-242). Plaintiff asserted an onset date of December 31, 2011. (*Id.* at 230). Plaintiff's applications were denied initially on April 16, 2012, and on reconsideration on September 11, 2012. (*Id.* at 85, 85, 87, 88). A hearing was held before Administrative Law Judge ("ALJ") Valencia Jarvis on July 23, 2014. (*Id.* at 35-74). The ALJ issued an unfavorable decision on August 12, 2014. (*Id.* at 12-27). The ALJ found Plaintiff not to be under a disability from December 31, 2011, through the date of the decision. (*Id.* at 26).

On March 9, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on April 12, 2016. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 15).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir.

2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

      The ALJ found that Plaintiff met the insured status requirements through June 30, 2012. (Tr. at 14). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2011, the alleged onset date. (*Id.*). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, hypertension, depression, and anxiety. (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. at 17-18). At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work except for the following:

> the claimant can never climb ladders, and scaffolds and can occasionally climb ramps[,] stairs, balance, bend, stoop, kneel, crouch, and crawl. The claimant is able to understand, remember and carry out short, simple work instructions with occasional contact with the general public.

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

(*Id.* at 21). The ALJ determined that Plaintiff was not capable of performing her past relevant work as a cashier, nursing assistant, kitchen worker/helper, and fast food cook. (*Id.* at 25). After considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). Specifically, the ALJ determined that Plaintiff was able to perform the following jobs: (1) cleaner/housekeeping, DOT # 323.687-014, light exertion, unskilled, with an SVP of 2; mail clerk, DT # 209.687-026, light exertion, unskilled, with an SVP of 2; and stock clerk, DOT # 299.667-014, light exertion, unskilled, with an SVP of 2. (*Id.* at 26).[3] The ALJ concluded that Plaintiff was not under a disability from December 31, 2011, through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and

---

[3] "DOT" refers to the *Dictionary of Occupational Titles*.

even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises one issue that contains two sub-issues. As stated by Plaintiff, the issue is whether the ALJ erred by failing to find that Plaintiff's seizure disorder is a severe impairment. (Doc. 20 at 2). In doing so, Plaintiff argues that the ALJ: (1) held Plaintiff to an improper legal standard, regarding her burden of proof; and (2) improperly substituted her own opinion for that of a medical expert regarding Plaintiff's seizure disorder diagnosis. (*See id.*). The Court addresses these arguments in turn.

### A. Seizure Disorder as a Severe Impairment

Plaintiff raises two separate arguments concerning the ALJ failing to find her seizure disorder to be a severe impairment. First, Plaintiff claims that the ALJ erred in requiring Plaintiff to prove that her seizure disorder was severe by clear and convincing evidence. (*See* Doc. 20 at 6-10). Second, Plaintiff argues that the ALJ erred in substituting her own opinion for that of the treating neurologist's finding that Plaintiff has a seizure disorder. (*See id.* at 10-12). The Commissioner argues in response that the ALJ properly applied the correct legal definition as to the term "severe" when determining Plaintiff's severe impairments. (Doc. 21 at 5-6). Further, the Commissioner asserts that the ALJ's finding that Plaintiff's seizure disorder was not

a severe impairment is not a rejection of the diagnosis, but rather a finding that this impairment did not cause more than minimal limitations on Plaintiff's ability to work. (*Id.* at 7).

### 1. Legal Standard at Step Two

At step two of the sequential evaluation, the severity of a claimants impairments is analyzed. At this step, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

In the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Rather, the ALJ is required to consider a claimant's impairments in combination, whether severe or not. *Id.*

> A severe impairment is an impairment or combination thereof that significantly limits the claimant's physical or mental ability to do basic work activities. [ ] The determination of whether the claimant suffers from a severe impairment acts as a filter. [ ] Thus, while a claim is denied if the claimant does not suffer from a severe impairment, the finding of any severe impairment, regardless of whether it qualifies as a disability or results from a single impairment or combination thereof, is sufficient to satisfy the second step of the SSA's sequential analysis. [ ]

6

> Nonetheless, beyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling.

*Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-42 (11th Cir. 2014) (internal citations omitted). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

### 2.     Whether the ALJ Applied an Incorrect Legal Standard

Plaintiff claims that the ALJ improperly required Plaintiff to prove her severe impairments by clear and convincing evidence. (*See* Doc. 20 at 6-10). In this case at step two, the ALJ found Plaintiff had the severe impairments of obesity, hypertension, depression, and anxiety. (Tr. at 14). Thus, even if the ALJ erred in finding that Plaintiff's seizure disorder was not a severe impairment, the ALJ satisfied the step two analysis by finding other impairments severe. *See Griffin*, 560 F. App'x at 841-42. Therefore, any error is harmless as long as the ALJ considered Plaintiff's severe impairments in combination with Plaintiff's non-severe impairments – including her alleged impairment of seizure disorder. *Id.*

In the decision, the ALJ considered Plaintiff's seizure disorder at the third step of the evaluation by finding that Plaintiff did not have an impairment, or *combination of impairments*, that met or medically equaled the severity of one of the listed impairments. (Tr. at 17). Further, when determining Plaintiff's RFC, the ALJ stated that she considered all of Plaintiff's symptoms. (*Id.* at 21); *see also Griffin*, 560 F. App'x at 842 (citing *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991)). In addition to that statement, the ALJ also summarized Plaintiff's history of alleged seizures. (Tr. at 15). The ALJ noted that Plaintiff went to the hospital beginning in December 21, 2013, reporting seizures. (*Id.*). The ALJ discussed Plaintiff's treatment in Brevard Health Alliance for seizures in February 18, 2014, and then her

hospitalization in April 2014. (*Id.* at 15-16). The ALJ also summarized the treatment by neurologist Darshal Aggarwal, M.D. in May and July 2014. (*Id.* at 16).[4]

After a review of the medical records concerning Plaintiff's alleged seizure disorder, the ALJ concluded that there was a "lack of consistent medical findings" as to the seizure disorder; Plaintiff was non-compliant with medications; and there was "no clear and convincing evidence the claimant does suffer from a true seizure disorder that has lasted or expected to last 12 months." (*Id.* at 16). Thus, the ALJ found Plaintiff's alleged seizure disorder not to be severe. (*Id.*). Moreover, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (*Id.* at 22). To support this credibility finding, the ALJ noted that "there is no evidence to support [Plaintiff's] allegation of three to four seizures a day or a true diagnosis of a seizure disorder as neurological reports indicate she was no longer taking prescribed medication and had stopped on her own." (*Id.* at 24).

The Court finds that even if the ALJ should have found Plaintiff's seizure disorder was a severe impairment, the ALJ fulfilled her responsibility to consider Plaintiff's seizure disorder in the remaining steps of her disability analysis. *See Griffin*, 560 F. App'x at 842. Here, the ALJ considered Plaintiff's alleged seizure disorder in combination with both Plaintiff's severe and

---

[4] Plaintiff also argues that the ALJ failed to consider medical records from Palm Bay Hospital in July 2014. (Doc. 20 at 9). However, these records were submitted for the first time to the Appeals Council and were not before the ALJ when she reviewed the record. (*See* Tr. at 5). When a plaintiff does not appeal the Appeals Council's decision to deny review, then a court need not consider new evidence that was provided only to the Appeals Council to determine if the ALJ's decision was supported by the record. *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998). Thus, the Court will not consider this evidence as it was presented only to the Appeals Council.

8

non-severe impairments. Therefore, the Court finds that even if the ALJ applied the incorrect legal standard as to the severity of Plaintiff's alleged seizure disorder, that error was harmless because the ALJ found other severe impairments and considered all of Plaintiff's impairments in combination.

### 3. Whether the ALJ Erred in Substituting Her Opinion for That of a Treating Neurologist

Plaintiff argues that the ALJ improperly substituted her own opinion for that of a treating neurologist. (Doc. 20 at 10-11). Plaintiff argues that the ALJ reviewed observations, examination notes, and considered Plaintiff's lack of treatment to support her own opinion as to whether Plaintiff had a seizure disorder. (*Id.* at 11). Plaintiff cites to the treatment records of Dr. Aggarwal who diagnosed Plaintiff with seizure disorder on June 25, 2014. (*Id.*; Tr. at 545). Plaintiff claims that the evidence cited by the ALJ may go to the degree to which the seizure disorder limited Plaintiff during the relevant time period, but cannot be used as a substitute for a diagnosis by a medical expert. (Doc. 20 at 11). The Commissioner argues that the ALJ's finding that Plaintiff's seizure disorder was not a severe impairment does not reject the diagnosis, but rather demonstrates that this impairment causes no more than minimal limitations in Plaintiff's ability to work. (Doc. 21 at 7). Further, the Commissioner asserts that a diagnosis alone is insufficient to establish the extent to which it limits Plaintiff's ability to work. (*Id.*).

An ALJ may not substitute her own opinion as to a plaintiff's condition for that of medical experts. *Patterson v. Astrue*, No. 8:08-CV-1081-T-17EAJ, 2009 WL 2175997, at *7 (M.D. Fla. July 21, 2009) (citing *Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986)). In this case, the ALJ never specifically substituted her opinion for that of Dr. Aggarwal. Rather, the ALJ questioned Plaintiff's subjective complaints of seizures. (*See* Tr. at 15). The ALJ noted that Plaintiff "alleged" a history of seizures in December 2013 and reported "alleged" continuing

9

seizures in a visit to Dr. Aggarwal in July 25, 2014. (*Id.* at 15, 16). Because the evidence of seizures was mainly comprised of Plaintiff's subjective reports, the ALJ concluded that there was no clear and convincing evidence that Plaintiff suffered from a true seizure disorder that had lasted or was expected to last 12 months. (*Id.* at 16). Thus, the ALJ concluded that Plaintiff's seizure disorder was not a severe impairment. (*Id.*). Further, the ALJ considered these records in finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms lacked credibility. (*Id.* at 22).

The Court reviewed Dr. Aggarwal's May 8, 2014 and June 18, 2014 records where he diagnosed Plaintiff with seizure disorder. (*Id.* at 489, 545). But, at Plaintiff's July 16, 2014 visit, Dr. Aggarwal referred Plaintiff to another facility for "diagnosis and management." (*Id.* at 543). Thus, Dr. Aggarwal's records do not support a clear and continuing diagnosis of seizure disorder. Moreover, a "diagnosis [ ] is insufficient to establish that a condition cause[s] functional limitations." *Wood v. Astrue*, 2012 WL 834137, at *5 (M.D. Fla. Feb. 14, 2012) (citing *Moore v. Barnhart*, 405 F.3d 1207, 1213 n.6 (11th Cir. 2005)). Plaintiff failed to cite to any evidence of record that Plaintiff's reported periodic seizures caused more than minimal work limitations for a period of at least 12 months.

The Court finds that the ALJ thoroughly considered the evidence of record regarding Plaintiff's seizure disorder and determined both that Plaintiff was not entirely credible and that her alleged seizure disorder was not a severe impairment. These findings were supported by the substantial evidence of record. For the foregoing reasons, the Court finds that the ALJ did not substitute her opinion for that of the medical expert in the case.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

Accordingly, **IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 19, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties